FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 15, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MANUEL ALFREDO LOZANO,<br><br>Defendant. | No. 1:26-CR-02039-SAB<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE AND GRANTING DEFENDANT'S UNOPPOSED MOTION TO MODIFY CONDITIONS OF RELEASE<br><br>**ECF Nos. 21, 22** |

Before the Court are Defendant's Unopposed Motion to Modify Conditions of Release (ECF No. 21) and related Motion to Expedite (ECF No. 22). Defendant was represented by retained counsel Richard Smith on the motions.

Defendant requests the Court modify Special Condition No. 7, which imposes home detention, and Special Condition No. 9, which prohibits Defendant from accessing the internet. ECF Nos. 20–21. Defendant's requested modifications relate to his employment activities. ECF No. 21. Neither the United States nor United States Probation/Pretrial Services object to the requested modifications. *Id.*

Thus, pursuant to 18 U.S.C. § 3142(c)(3), the Court modifies Defendant's conditions as requested but with minor, non-substantive alterations to the proposed text.

ORDER - 1

Accordingly, **IT IS ORDERED:**

1.    Defendant's Motion to Expedite (**ECF No. 22**) is **GRANTED**.

2.    Defendant's Unopposed Motion to Modify Conditions of Release (**ECF No. 21**) is **GRANTED**.

3.    **Special Condition No. 7 (ECF No. 20) is MODIFIED** in its entirety to read **as follows:**

> **7.    Home Detention:** Defendant shall be restricted to the approved residence at all times, except for: employment, including traveling outside the Eastern District of Washington for employment and including overnight stays if necessary for employment; attorney visits; court appearances; case-related matters; and court ordered obligations. Defendant may attend other essential activities as preapproved by the United States Probation/Pretrial Services Office, including, but not limited to: grocery shopping; primary care giving; religious services; medical necessities; and substance abuse testing or treatment.

4.    **Special Condition No. 9 (ECF No. 20) is MODIFIED** in its entirety to read **as follows:**

> **9.    ** Defendant shall not directly or indirectly use, access, or possess a computer or electronic media, including any devices, televisions, and cellular phones with internet access capabilities without the prior approval of United States Probation/Pretrial Services (USP/PTS). This authorization to approve Defendant's use of a cellular phone with internet access specifically includes USP/PTS authorization to approve Defendant's possession and use of a cellular phone with internet access for employment/work purposes. USP/PTS approval of Defendant's possession and use of a cellular phone with internet access for employment/work purposes shall be subject to the condition that Defendant allow USP/PTS to inspect the cellular phone at any time deemed necessary or appropriate by USP/PTS to ensure compliance with the condition that Defendant's cellular phone internet access is

ORDER - 2

being used solely for employment/work purposes. Electronic media possessed by other residents of Defendant's home shall be password protected, and Defendant shall not have access. To be clear, Defendant may possess a cellphone with access to the internet only for employment/work purposes and subject to the condition noted herein. Defendant may not otherwise possess a "smart phone" of any kind.

5.    All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED June 15, 2026.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 3